UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KIM WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:04-CV-254 |
| ) | (VARLAN/GUYTON) |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 21] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 20]. Magistrate Judge Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 11] be denied and that defendant Commissioner's motion for summary judgment [Doc. 17] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted).

If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff contends that Judge Guyton erred when he agreed with the ALJ's findings and conclusions that plaintiff is not disabled. Plaintiff argues that the ALJ failed to properly apply the Sixth Circuit pain standard, that he erroneously failed to find the plaintiff's mental impairments disabling, and that he erroneously failed to consider the combined effects of all of the plaintiff's impairments on his ability to perform work. The Court notes at the outset that Judge Guyton considered and rejected each of these arguments.

Plaintiff's first objection is that the ALJ failed to properly apply the Sixth Circuit pain standard as set forth in *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994):

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id*. at 1038-39. Plaintiff contends that the ALJ did not consider whether plaintiff has an underlying medical condition which could be expected to produce his symptoms as alleged. Plaintiff emphasizes the records related to his treatment for back pain, bulging disc, and degenerative disc disease.

Contrary to plaintiff's assertion and as Judge Guyton noted, the ALJ's opinion discussed plaintiff's symptoms of lower back and leg pain and his treatment for degenerative disc disease. Thus, the ALJ acknowledged the objective medical evidence of plaintiff's impairments, the first step in the Sixth Circuit's analysis. However, the ALJ did not find that the objective medical evidence supported the severity of pain that plaintiff claimed in light of the numerous daily activities which he is able to perform. Upon review of the record, the Court agrees and finds that the ALJ's conclusion is supported by substantial evidence.

Plaintiff's second objection is that the ALJ failed to find plaintiff's mental impairments to be disabling. Plaintiff points to his treatment from Dr. Daugherty and Ridgeview Psychiatric Hospital, as well as Dr. Maffeo's evaluation. Plaintiff argues that the evidence shows he lacks the ability to meet the basic mental demands to successfully and consistently engage in substantial gainful activity. The ALJ reviewed this evidence and specifically noted that plaintiff has moderate limitations due to mental difficulties. However,

3

the ALJ found that plaintiff's limitations do not rise to the level that indicate a complete inability to function outside the home. (Tr. at 20-21.) Again, the Court finds that there is substantial evidence in the record to support the ALJ's conclusion.

Plaintiff's third objection is that the ALJ failed to consider the combined effects of all of plaintiff's impairments on his ability to perform work. Plaintiff contends that there was no combined treatment in the ALJ's analysis and that his pain, in combination with his major depression and anxiety disorder, render him unable to work. The ALJ findings state that he considered plaintiff's "impairment or a combination of impairments" and that he "considered all of the medical opinions in the record regarding the severity of the claimant's impairments." (Tr. at 23.) Accordingly, the Court finds that this objection is without merit.

Finding no error in the report and recommendation, the Court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant's motion for summary judgment; affirm the defendant Commissioner's decision in this case denying plaintiff's application for supplemental security income benefits; and dismiss this case. An order reflecting this opinion will be entered.

                                                  s/ Thomas A. Varlan
                                                  UNITED STATES DISTRICT JUDGE